IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:22cr160-MHT |
| | ) | (WO) |
| JEREMIAH LEE TRAMMER | ) | |
| | ) | |

ORDER

This case is before the court on defendant Jeremiah Lee Trammer's motion to continue his trial. For the reasons set forth below, the court finds that jury selection and trial, now set for August 9, 2022, should be continued pursuant to 18 U.S.C. § 3161.

While the granting of a continuance is left to the sound discretion of the trial judge, see *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared

>  before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."   § 3161(h)(7)(A).   In granting such a continuance, the court may consider, among other factors, whether a failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant ... the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

   The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Trammer in a speedy trial. Defense counsel represents that case investigation and negotiation of a plea agreement are ongoing, and that

2

she is in the process of obtaining documents regarding certain prior convictions, which are necessary in order to advise Trammer of his possible guideline range and whether he qualifies for an Armed Career Criminal enhancement.  The government does not oppose the requested continuance.  The court finds that a continuance of the trial is necessary to ensure that Trammer can have informed discussions with defense counsel about any decision to resolve the case without trial or to prepare the case for trial.

***

Accordingly, it is ORDERED that defendant Jeremiah Lee Trammer's motion to continue (Doc. 22) is granted, and the jury selection and trial for defendant Trammer, now set for August 9, 2022, are reset for October 31, 2022, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall conduct a new pretrial conference prior to the new trial term and shall postpone the change-of-plea and any other appropriate deadlines.

DONE, this the 20th day of July, 2022.

                                    /s/ Myron H. Thompson
                               UNITED STATES DISTRICT JUDGE